# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JASON R. GRAVES,

        Petitioner,                       Case Number: 05-CV-70037

v.                                               HONORABLE ARTHUR J. TARNOW

SHERRY BURT,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO REOPEN HABEAS CORPUS PROCEEDING AND GRANTING RESPONDENT'S MOTION TO DISMISS

This matter is before the Court on Petitioner Jason R. Graves' habeas corpus petition, filed under 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss for Failure to Comply With the Statute of Limitations. The Court concludes that the petition was not timely filed and grants the motion.

**I.**

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of first-degree premeditated murder and first-degree felony murder. The trial court judge vacated the premeditated murder conviction, and sentenced him to life imprisonment without the possibility of parole for the first-degree felony murder conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

    I.      Did the trial court clearly err in failing to suppress Jason's statement?

II. Did the trial judge abuse his discretion and prevent the fair trial of defendant Graves by refusing to allow lawyer conducted voir dire. A sufficient factual basis upon which to challenge a prospective juror's ability to serve impartially in this high profile case was thereby impeded.

III. Did the trial court commit reversible error in failing to instruct the jury of CJI2d, murder: defense of accident when requested by the defendant and supported by evidence?

IV. Was Jason Graves denied his constitutional right to a fair and impartial trial when the media was allowed to videotape the proceedings for television broadcast when the defendants, their families, and the jurors objected to the presence of the video camera in the courtroom?

V. Did the trial court deny defendant Graves a fair and impartial trial by entering into a secret agreement with the media to allow the media to videotape trial exhibits for broadcast without notice or an opportunity to be heard for objection to such publication?

VI. Did the trial court abuse its discretion in allowing the jury to have a transcript of the audio tape of Jason's statement while they listened to the tape when counsel objected to the accuracy of the transcript and the accuracy of the transcript was not established by any degree of certainty?

VII. Did the trial court abuse its discretion in admitting enlarged, black and white photographs of the decedent as trial exhibits without making a determination as to their relevant, probative value and prejudice to defendant?

VIII. Did the trial court err in denying Jason's motion for directed verdict?

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Graves*, 1999 WL 33451697, No. 191052 (March 30, 1999). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. *See* Petition at p. 2.

On January 3, 2005, Petitioner then filed a petition for a writ of habeas corpus, presenting the following claims:

2

    I.      Trial court denied defendant's rights to a fair trial, due process and effective assistance of counsel where the amendment of the information was defective in violation of double jeopardy.

    II.      Trial court denied defendant's rights to a fair trial, due process and effective assistance of counsel where the jury was allowed to return a multiple count verdict on a single major offense involving a single victim.

    III.      Whether the trial court's cure to the amendment of the information was an impermissible cure of defendant's right to a fair trial, due process, equal protection, effective assistance of counsel and prohibition against double jeopardy regarding multiple convictions of a single major offense based upon multiplicitous.

Because Petitioner failed to exhaust his state court remedies for any of the claims raised in his habeas petition, the Court issued an Order of Summary Dismissal Without Prejudice, so that Petitioner could return to state court to exhaust his unexhausted claims.

Petitioner filed a Motion to Reopen Habeas Corpus Proceeding on July 9, 2007. The Court directed Respondent to file a response. Rather than address the Motion to Reopen Habeas Corpus Proceeding, Respondent filed a Motion to Dismiss for Failure to Comply With the Statute of Limitations. So that the Court may address the statute of limitations issue, the Court will grant Petitioner's Motion to Reopen Habeas Corpus Proceeding.

**II.**

Respondent has filed a Motion to Dismiss for Failure to Comply With the Statute of Limitations. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his convictions to the Michigan Court of Appeals, which issued an opinion affirming his convictions on March 30, 1999. *People v. Graves*, 1999 WL 33451697, No. 191052 (March 30, 1999). Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals decision to file a delayed application for leave to appeal. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. Thus, his conviction became final when the time for seeking such review expired, May 25, 1999. *See Redmond v. Jackson*, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). The limitations period commenced the following day, May 26, 1999, and continued to run uninterrupted until it expired on May 26, 2000. Petitioner's habeas petition was filed on January 3, 2005, almost five years after the limitations period had expired.

In response to the motion to dismiss, Petitioner argues that the limitations period should be equitably tolled to allow for the timely filing of his petition. To be entitled to equitable tolling, a Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1087 (2007), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner argues that the limitations period should be equitably tolled because, when the Court dismissed his petition without prejudice so that he could exhaust his state court remedies, he believed that his petition was considered timely filed. However, the Court explicitly stated in that Order that the Court made "no finding regarding the timeliness of th[e] petition." January 31, 2005 Order of Summary Dismissal Without Prejudice at 6. Therefore, the Court's Order does warrant equitable tolling.

In addition, Petitioner claims ignorance of the statute of limitations. The Sixth Circuit Court of Appeals has consistently held that "ignorance of the law is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991). This is so even when the petitioner is acting *pro se* and is uneducated. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Thus, Petitioner's claim that he was ignorant of the law will not serve to delay the running of the one-year limitations period.

The Court finds that the petition is untimely and Petitioner is not entitled to equitable tolling of the limitations period.

5

**III.**

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Reopen Habeas Corpus Proceeding is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss for Failure to Comply With the Statute of Limitations is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

          S/Arthur J. Tarnow
          Arthur J. Tarnow
          United States District Judge

Dated: September 4, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 4, 2008, by electronic and/or ordinary mail.

          S/Catherine A. Pickles
          Judicial Secretary