UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON R. GRAVES,

        Petitioner,         Case Number: 05-CV-70037

v.        HONORABLE ARTHUR J. TARNOW

SHERRY BURT,

        Respondent.
_____/

**AMENDED OPINION AND ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**[1]

Petitioner Jason R. Graves filed a *pro se* petition for a writ of habeas corpus. Petitioner challenged his conviction for first-degree felony murder. The Court dismissed the petition because it was not timely filed. Now before the Court are Petitioner's Motion for Certificate of Appealability and Motion to Proceed *In Forma Pauperis* on Appeal.

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C § 2253(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

---

[1] Issuance of an amended opinion and order is necessary because the original opinion and order was incorrectly titled. The original opinion and order was titled "Opinion and Order Granting Petitioner's Motion for Certificate of Appealability . . .", when the opinion and order actually *denied* Petitioner's Motion. This opinion and order has been re-titled to reflect the correct disposition of the motion.

constitutional claims debatable or wrong." 529 U.S. at 484.  In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  In this case, Petitioner's conviction became final on May 25, 1999.  The limitations period commenced the following day, May 26, 1999, and continued to run uninterrupted until it expired on May 26, 2000.  Petitioner's habeas petition was filed on January 3, 2005, almost five years after the limitations period had expired.  The Court, therefore, held it was not timely filed.  The Court also held that equitable tolling of the limitations period was not warranted.

In his Motion for Certificate of Appealability, Petitioner argues that the Court's January 31, 2005, Order of Summary Dismissal Without Prejudice misled him to believe that, because the limitations period would be equitably tolled while he exhausted his state court remedies, the habeas petition was timely filed.  However, the Court explicitly stated in that Order that the Court made "no finding regarding the timeliness of th[e] petition."  January 31, 2005 Order of Summary Dismissal Without Prejudice at 6.  Therefore, the Court's Order did not warrant equitable tolling.

The Court finds that reasonable jurists could not find its decision that the petition was untimely to be debatable or wrong and, therefore, denies a certificate of appealability.

Petitioner also has filed a Motion to Proceed *In Forma Pauperis* on Appeal.  Federal

Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court.  An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).  "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith."  U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).  While the Court has held that jurists of reason would not find the Court's dismissal of the petition as untimely to be debatable or wrong, the Court finds that an appeal may be taken in good faith.  The Court, therefore, shall grant Petitioner leave to proceed *in forma pauperis* on appeal.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal is **GRANTED**.

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated:  September 9, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 9, 2009, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary